IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA J. BAUER, as the Personal Representative of the Estate of David L. Bauer, deceased;<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　　　Defendant. | 7:19CV5014<br><br>**ORDER** |

　　Citing the convenience of Defendant's witnesses and counsel, Defendant has moved to transfer this case to this district's Omaha trial location. (Filing No. 8). Citing law interpreting the venue rules applicable to FELA lawsuits, Plaintiff argues that an FELA plaintiff is entitled to choose the forum. For the reasons discussed below, the motion will be granted, and this case will be tried in Omaha, Nebraska.

　　Defendant's motion does not challenge Plaintiff's choice of venue. Plaintiff chose to file the above-captioned case in the United States District Court for the District of Nebraska. Whether tried in North Platte or in Omaha, the case will be tried in the District of Nebraska.

　　The question presented is one of trial location, and that question is decided under this court local rules. When deciding the place of trial "the judge shall consider the convenience of litigants, witnesses and counsel," NECivR. 40.1(b)(1), with the convenience of the litigants and witnesses generally afforded greater weight than the convenience of counsel. Bank of Beaver City v. Southwest Feeders, L.L.C., No. 4:10CV3209, 2011 WL 116863, at *1 (D. Neb. Jan. 13, 2011).

　　Omaha and North Platte are 280 miles—more than a four-hour drive—apart. The defendant's brief explains that its headquarters are in Omaha and at trial, it anticipates

calling fact witnesses and an expert witness who are located in Omaha. The railroad's attorneys are from Omaha.

In response to the railroad's motion, Plaintiff has not explained why North Platte is more convenient for Plaintiff, Plaintiff's witnesses, or Plaintiff's counsel. This action is being pursued by a personal representative on behalf of a deceased railroad employee. The decedent lived in Lodgepole, Nebraska, and according to the complaint, the personal representative still lives there. Lodgepole is 100 miles west of North Platte and therefore closer to North Platte than Omaha. So, as to the personal representative, North Platte may be a more convenient trial location than Omaha. But while the court surmises that the personal representative, decedent's wife, may be called as a trial witness, there is nothing of record to support this supposition. Plaintiff's counsel has not stated that he intends to call any witnesses at trial who are located closer to North Platte than Omaha. Further, based on the substantial number of related toxic exposure cases filed by Plaintiff's counsel, the court is convinced that Plaintiff's experts will be flying into Nebraska to appear at trial, and with Omaha offering more flight options at a lower cost, they (and Plaintiff's counsel) will likely fly into Omaha.

Having considered the convenience of litigants, witnesses, and counsel, the court finds that, on balance, Omaha is the proper location for the trial of this case.

Accordingly,

IT IS ORDERED:

1) The motion to change the trial location, ([Filing No. 8](#)), is granted.

2) The trial of this case will be held in Omaha, Nebraska.

March 5, 2020.

BY THE COURT:
*s/ Cheryl R. Zwart*
United States Magistrate Judge